IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON APOLONIO BAUTISTA-LEIVA and MARI RODRIGUEZ-MACHADO, | § § § § | |
| Petitioners, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-0877 |
| KEVIN McALEENAN, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Ramon Apolonio Bautista-Leiva and Mari Rodriguez-Machado filed an emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from confinement by immigration officials with the United States Department of Homeland Security (DHS) and a stay of removal. The respondent filed a motion to dismiss and the petitioners filed a reply. (Docket Entry Nos 7, 8). The petitioners requested leave to submit a sur-reply, which the respondent moved to dismiss or strike. (Docket Entry Nos. 11, 12, 13). The respondent subsequently filed an amended motion to dismiss, advising the Court that both of the petitioners have been removed from the United States and that the petition is moot. (Docket Entry No. 17). The petitioners have filed a response through their counsel of record and the respondent has filed a reply. (Docket Entry Nos. 18, 19).

After considering all the pleadings and the applicable law, the Court will grant the respondent's amended motion and dismiss this case for the reasons explained below.

I.  **Background**

Bautista-Leiva is a native and citizen of Honduras. (Docket Entry No. 1, at 2). Rodriguez-Machado is a native and citizen of El Salvador. (*Id.*). Both petitioners entered the United States without inspection on or about June 14, 2004. (*Id.*). At some point in 2004, both petitioners were issued a Notice to Appear before an immigration judge, which they allegedly did not receive, and were ordered removed *in absentia* (*Id.*)

The petitioners were taken into custody by police in Conroe, Texas, and detained without criminal charges on an unspecified date. (*Id.*). The petitioners filed motions to re-open their immigration proceedings based on lack of notice, but the immigration judge denied those motions (Docket Entry Nos. 1-5, 1-6). Rodriguez-Machado was removed from the United States on March 1, 2019. (Docket Entry No. 1, at 3). Bautista-Leiva was removed from the United States on April 2, 2019. (Docket Entry No. 17, at 1).

On March 11, 2019, Bautista-Leiva and Rodriguez-Machado filed their emergency petition for a writ of habeas corpus to challenge Bautista-Leiva's continued detention by immigration officials and seeking a stay of removal. In addition to the habeas corpus statute found at 28 U.S.C. § 2241, the petitioners also invoke the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651. The respondent moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the petitioners' release from custody and removal from the United States renders their petition moot.

## II. Standard of Review

The respondent's motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted). "The district court 'has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim*, 402 F.3d at 494. The party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. *See Stiftung*, 603 F.3d at 297.

## III. Discussion

The respondent argues that subject matter jurisdiction is lacking because the case is now moot as the result of the petitioners' release from custody. The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank*

3

*Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).

It is undisputed that both petitioners have been released from immigration custody and removed from the United States. To the extent that the petition challenges the fact of continued detention, the petitioners' release from custody leaves nothing for this Court to remedy. *See Spencer*, 523 U.S. at 18. Under these circumstances, the petition is moot and must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The petitioners argue that continuing collateral consequences exist because they are now barred from returning to the United States for a period of ten years as a result of the removal orders entered against them. (Docket Entry No 18, at 1-3). The petitioners argue, therefore, that their petition is not moot and that they should be permitted to challenge the validity of the removal orders that were entered against them *in absentia* without adequate notice.[1] This argument fails because district courts do not have jurisdiction to entertain the type of challenge that the petitioners present.

---

[1] The petitioners argue further that the respondent's submission of evidence in support of the motion to dismiss, *i.e.*, proof that removal has been effected, is improper and that the jurisdictional issue requires resolution under the summary judgment standard found in Fed. R. Civ. P. 56. (Docket Entry No. 18, at 5-6). Because it is undisputed that both petitioners have been deported, the Court has not relied on the evidence submitted by the respondent.

It is well established that district courts do not have subject matter jurisdiction to consider any issues pertaining to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a).[2] This statute makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal. 8 U.S.C. § 1252(a)(5). Thus, the REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007); *see also Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) (observing that district courts lack jurisdiction to review a removal order under provisions of the REAL ID Act). Because the REAL ID Act precludes jurisdiction over petitions challenging the validity of the removal orders, the Court has no authority to consider the merits of those claims.

Likewise, a district court does not have jurisdiction to stay an order of removal pursuant to 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ." *See Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263 at *1 (5th Cir. 2003) (per curiam) (holding that "[t]he district court correctly determined that it lacked

---

[2] By contrast, there is limited authorization for a collateral attack on an underlying removal order in the criminal context for defendants charged with illegal reentry following deportation. *See United States v. Lopez-Urgel*, 351 F. Supp. 3d 978, 984 (W.D. Tex. 2018) ("A defendant charged with illegal reentry in violation of 8 U.S.C. § 1326 has a due process right to challenge the removal order upon which the charge is predicated in the criminal proceeding before the district court.") (citing *United States v. Mendoza–Lopez*, 481 U.S. 828, 837-38 (1987)).

5

jurisdiction to stay the order of removal" under 8 U.S.C. § 1252(g)); *Fabuluje v. Immigration and Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. 2000) (per curiam) (same). For these additional reasons, the petition must be dismissed.

### IV. Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1. The respondent's amended motion to dismiss (Docket Entry No. 17) is **GRANTED**.

2. The habeas corpus petition filed by Ramon Apolonio Bautista-Leiva and Mari Rodriguez-Machado is **DISMISSED without prejudice** as **MOOT** and, alternatively, for lack of jurisdiction.

3. All other pending motions in this case (Docket Entry Nos. 7, 11, 13, 14) are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ **NOV 0 8 2019** _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE